IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-400-D

| | |
|---|---|
| GWENERVA M. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

In this action, plaintiff Gwenerva M. Williams ("plaintiff" or, in context, "claimant") challenges the final decision of defendant Acting Commissioner of Social Security ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") on the grounds that she is not disabled. The case is before the court on the parties' motions for judgment on the pleadings (D.E. 18, 20). Both parties filed memoranda in support of their respective motions. (D.E. 19, 21). The motions were referred to the undersigned magistrate judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* D.E. 22). For the reasons set forth below, it will be recommended that the Commissioner's motion be allowed, plaintiff's motion be denied, and the final decision of the Commissioner be affirmed.

I. BACKGROUND

A. Case History

Plaintiff filed an application for DIB on 24 January 2011, alleging a disability onset date of 14 December 2009. Transcript of Proceedings ("Tr.") 19. The application was denied initially and upon reconsideration, and a request for hearing was timely filed. Tr. 19. On 15

January 2013, a hearing was held before an administrative law judge ("ALJ"), at which plaintiff and a vocational expert testified. Tr. 32-53. The ALJ issued a decision denying plaintiff's claim on 22 January 2013. Tr. 19-27. Plaintiff timely requested review by the Appeals Council. Tr. 12. On 15 May 2014, the Appeals Council denied the request for review. Tr. 1-4. At that time, the decision of the ALJ became the final decision of the Commissioner. 20 C.F.R. § 404.981. Plaintiff commenced this proceeding for judicial review on 14 July 2014, pursuant to 42 U.S.C. § 405(g). (*See In Forma Pauperis* ("IFP") Mot. (D.E. 1); Order Allowing IFP Mot. (D.E. 5); Compl. (D.E. 6)).

## B.     Standards for Disability

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months," the temporal criterion being known as the duration requirement. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1509 (defining duration requirement); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3).

2
Case 5:14-cv-00400-D   Document 23   Filed 06/24/15   Page 2 of 15

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R. § 404.1509], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] ["Listings"] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. § 404.1520(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. If a medically severe combination of impairments is found, the combined impact of those impairments must be considered throughout the disability determination process. *Id.*

3
Case 5:14-cv-00400-D   Document 23   Filed 06/24/15   Page 3 of 15

## C. Findings of the ALJ

Claimant was 50 years old on the alleged onset date of disability and 53 years old on the date of the hearing. *See, e.g.*, Tr. 38. She reports that she has four years of college (*see, e.g.*, Tr. 197, 328), and she has past relevant work as a file clerk and mail clerk (Tr. 26 ¶ 6).

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that claimant had not engaged in substantial gainful activity since the date of alleged onset of disability. Tr. 21 ¶ 2. At step two, the ALJ found that claimant had the following medically determinable impairments that were severe within the meaning of the Regulations: cervical pain with bilateral radicular symptoms, low back pain, carpal tunnel syndrome, obesity, asthma, and diabetes mellitus. Tr. 21 ¶ 3. At step three, the ALJ found that claimant did not have an impairment or combination of impairments that meets or equals one of the Listings. Tr. 21 ¶ 4.

The ALJ next determined that claimant had the RFC to perform light work—that is, to lift and carry up to 20 pounds occasionally and 10 pounds frequently, and to stand, walk, and sit for 6 hours in an 8-hour workday.[1] Tr. 21-22 ¶ 5. He found, however, that claimant was subject to the following limitations:

---

[1] Title 20 C.F.R. § 404.1567(b) defines "light work" as involving

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b). The *Dictionary of Occupational Titles* ("DOT") defines "light work" as:

> Exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job

> The claimant would be limited to occasional overhead work, and frequent use of hands for handling and grasping. The claimant would need to avoid all exposure to unprotected heights and dangerous equipment.

Tr. 21-22 ¶ 5.

Based on his determination of claimant's RFC, the ALJ found at step four that claimant was able to perform her past relevant work as a file clerk and mail clerk Tr. 26 ¶ 6. The ALJ accordingly concluded that claimant had not been under a disability at any time from the date of the alleged onset of disability through the date of the decision. Tr. 27 ¶ 7.

### D. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Perales*, 402 U.S. at 401.

---

> requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible. NOTE: The constant stress and strain of maintaining a production rate pace, especially in an industrial setting, can be and is physically demanding of a worker even though the amount of force exerted is negligible.

DOT app. C § IV, def. of "L-Light Work" (U.S. Dep't of Labor 4th ed. rev. 1991), http://www.oalj.dol.gov/libdot.htm (last visited 24 June 2015). "Light work" and the other terms for exertional level as used in the Regulations have the same meaning as in the DOT. *See* 20 C.F.R. § 404.1567.

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

## II. OVERVIEW OF PLAINTIFF'S CONTENTIONS

Plaintiff contends that the ALJ's decision should be reversed and DIB awarded or, alternatively, that this case be remanded for a new hearing on the grounds that the ALJ erred by not adequately developing the record regarding her past relevant work and not resolving a purported conflict between the vocational expert's testimony and the DOT. Each ground is discussed in turn below.

## III. DISCUSSION

### A. ALJ's Alleged Failure to Develop Record regarding Plaintiff's Past Relevant Work

Plaintiff argues that the ALJ's finding that she could return to her past relevant work as a file clerk and mail clerk is flawed because the ALJ failed to adequately question plaintiff and

otherwise develop the record regarding the physical and mental demands of her past relevant work as required by Social Security Ruling 82-62. The court disagrees.

Under the Regulations and associated Social Security Rulings, a plaintiff is deemed able to perform his past relevant work if he retains the RFC to perform the demands and duties of such work as he actually performed it or as generally performed in the national economy. *See* 20 C.F.R. § 404.1560(b)(2); Soc. Sec. Ruling 82-61, 1982 WL 31387, at *1-2 (1982); Soc. Sec. Ruling 82-62, 1982 WL 31386, at *3 (1982). "The decision as to whether the [plaintiff] retains the functional capacity to perform past work which has relevance has far-reaching implications and must be developed and explained fully in the disability decision." Soc. Sec. Ruling 82-62, 1982 WL 31386, at *3. Accordingly, Social Security Ruling 82-62 provides that a decision determining a plaintiff to have the RFC to perform past relevant work "must contain among the findings the following specific findings of fact:"

1. A finding of fact as to the individual's RFC.
2. A finding of fact as to the physical and mental demands of the past job/occupation.
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

*Id.* at *4.

In 2003, long after issuance of Social Security Ruling 82-62, the Regulations were amended to provide expressly for reliance on the testimony of a vocational expert in determining whether a claimant is able to perform his past relevant work. *See* 68 F.R. 51153, 2003 WL 22001943 (26 Aug. 2003) (adding (b)(2) to 20 C.F.R. § 404.1560). The relevant provision reads:

> We may use the services of vocational experts or vocational specialists, or other resources, such as the [DOT] and its companion volumes and supplements [*e.g.*, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("SOC")], published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your [RFC]. A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and

mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy.

20 C.F.R. § 404.1520(b)(2). Thus, an ALJ may properly rely on the testimony of a vocational expert in lieu of himself describing the physical and mental demands of the past job. *See, e.g., Collier v. Astrue*, No. 7:11-CV-68-D, 2012 WL 3095099, at *11 (E.D.N.C. 22 June 2012), *mem. & recomm. adopted by* 2012 WL 3095325 (30 July 2012); *Lybrand v. Astrue*, No. 3:10-2293-JFA-JRM, 2012 WL 762092, at *4 (D.S.C. 8 Feb. 2012), *rep. & recomm. adopted by* 2012 WL 762088 (7 Mar. 2012).

The decision here meets these standards. The ALJ made appropriate findings regarding plaintiff's RFC and explained the basis for his findings. (*See* Tr. 21-26 ¶ 5). Plaintiff does not directly challenge the ALJ's RFC determination.[2]

During the hearing, the ALJ, as well as the vocational expert, elicited testimony from plaintiff regarding her work as a file clerk. Tr. 35-37, 49-50. The record also includes a work history report completed by plaintiff containing detailed descriptions by her of both the file clerk and mail clerk jobs. Tr. 205, 207, 211. The record substantiates that the ALJ and vocational expert were familiar with the report at the hearing and that the ALJ considered it in his decision.[3]

---

[2] Plaintiff states in her memorandum, "Because the ALJ must reconsider his RFC findings on remand, an error in the PRW [*i.e.*, past relevant work] analysis is harmful to Plaintiff." (Pl.'s Mem. 7). Although plaintiff gives no citation for this statement, it is actually a quotation from a case she discusses later in her memorandum, *Parker v. Astrue*, 664 F. Supp. 2d 544, 556 (D.S.C. 2009). (*See* Pl.'s Mem. 8). As the quotation indicates, the court in that case made a separate determination that the ALJ had committed errors in his RFC analysis that required remand. *See Parker*, 664 F. Supp. 2d at 556. Plaintiff develops no argument in her memorandum that the ALJ's RFC analysis in the instant case was in error, and the court perceives no error.

[3] For example, both the ALJ and vocational expert spoke about the mail clerk position prior to any testimony by plaintiff regarding it (*see* Tr. 38), which was itself cryptic (*see* Tr. 49-50); the vocational expert was apparently provided a copy of the exhibits prior to the hearing (*see* Tr. 139); and the ALJ repeatedly represents in his decision that he considered all the evidence of record (*see* Tr. 19 ("After careful consideration of all the evidence . . . ."); 21 ("After careful consideration of the entire record . . . ."); 22 ¶ 5 ("After careful consideration of the evidence . . . .")). Plaintiff does not contend that either the ALJ or vocational expert failed to review the work history report prior the hearing or that the ALJ failed to consider it in his decision.

The ALJ obtained testimony from the vocational expert identifying the classification of plaintiff's jobs under the DOT. *See* Tr. 37-38. The ALJ also elicited testimony from the vocational expert regarding whether a person with plaintiff's RFC could perform those jobs. *See* Tr. 50-51. Accepting that testimony, the ALJ found that plaintiff could perform her past work as a file clerk and mail clerk:

> The impartial vocational expert testified that based upon the claimant's residual functional capacity, the claimant could return to her past relevant work as a file clerk and a mail clerk. Therefore, the undersigned [ALJ] finds that based upon the claimant's [RFC], she could return to her past relevant work and this conclusion is supported by the evidence of record and the hearing testimony. In comparing the claimant's [RFC] with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed.

Tr. 27 ¶ 6.

Plaintiff argues that the ALJ erred by not inquiring into the mental demands of plaintiff's past relevant work. But the mental demands of this work, as plaintiff performed it, can arguably be inferred from the descriptions plaintiff provided in the work history report and her testimony. Moreover, of course, the vocational expert offered opinion evidence on the mental demands of such work by testifying, in response to the ALJ's hypothetical, that a person with the RFC the ALJ found plaintiff to have could perform such work. That RFC contained no mental limitations. The ALJ could properly rely on the vocational expert's opinion with respect to the mental demands of this work pursuant to the authorities previously discussed. The court finds no error by the ALJ in the extent to which he developed the record regarding the demands of plaintiff's past relevant work.

The court does note, though, a potential conflict between the ALJ's findings regarding plaintiff's mental RFC and the mental demands of the mail clerk job. After reviewing the relevant medical evidence and other pertinent evidence, the ALJ found:

> The [ALJ] finds that the record reflects no actual treatment for the claimant's allegation of depression. It is the finding of the [ALJ] that the claimant is not significantly limited in the ability to understand, remember, and carry out simple instructions. The claimant is capable of maintaining the requisite attention and concentration necessary in an ordinary work setting in which the work is not detailed and complex. She is not significantly limited with respect to performing activities within an ordinary work schedule and should be able to maintain regular work attendance within customary tolerances. She is capable of interacting appropriately with co-workers and supervisors, accept instructions, and respond to criticism. She can perform ordinary work activities at a consistent pace and is capable of seeking directions and requesting assistance if necessary.

Tr. 26 ¶ 5. The finding that plaintiff can maintain attention and concentration with respect to "work [that] is not detailed and complex," while consistent with the performance of unskilled work, such as the file clerk occupation, is not necessarily consistent with the performance of semi-skilled work, such as the mail clerk occupation. *Compare* 20 C.F.R. § 404.1568(a) ("Unskilled work is work which needs little or no judgment to do *simple duties* . . . ." (emphasis added)) *with id.* (b) ("Semi-skilled work is work which needs some skills but does not require doing the *more complex* work duties." (emphasis added)). Similarly, the finding that plaintiff's ability to understand, remember, and carry out instructions addresses only "simple instructions" is consistent with the performance of unskilled work. *See* Soc. Sec. Ruling 85-15, 1985 WL 56857, at *4 (1985) ("The basic mental demands of competitive, remunerative, *unskilled* work include the abilities (on a sustained basis) to understand, carry out, and remember *simple* instructions . . . ." (emphasis added)). The finding does not address instruction-related abilities with respect to semi-skilled work.

The court need not resolve the potential conflict between these findings and the ALJ's determination that plaintiff can perform the mental demands of the mail clerk occupation because her ability to perform her past relevant work is adequately established by her ability to perform the file clerk occupation. Thus, any error by the ALJ with respect to plaintiff's ability to

perform the mental demands of the mail clerk occupation is harmless. *See, e.g., Garner v. Astrue*, 436 Fed. Appx. 224, 226 n* (4th Cir. 2011) (recognizing burden on Social Security claimant to show that an error by the ALJ is harmful) (citing *Shinseki v. Sanders*, 556 U.S. 396 (2009)).

Plaintiff also argues that it was error for the ALJ not to inquire about the extent to which the file clerk and mail clerk jobs required overhead reaching in light of the limitation of plaintiff in the RFC determination to only occasional overhead reaching. The court disagrees.

As discussed, not only does the record include detailed descriptions of both the file clerk and mail clerk jobs, but the ALJ and vocational expert elicited testimony from her regarding both. Plaintiff did not mention overhead reaching in either her work history report or testimony.

Indeed, plaintiff's own attorney did not ask her about it although he was present when the ALJ presented the hypothetical to the vocational expert, including the limitation of plaintiff to occasional overhead reaching. *See* Tr. 50-53. While plaintiff's counsel asked the vocational expert an alternative hypothetical, it did not include avoidance of all overhead reaching, but rather occasional handling and grasping in addition to occasional overhead reaching. *See* Tr. 52. Plaintiff, of course, had the burden at step four of showing that she could not perform her past relevant work. She cannot justly condemn the ALJ for not developing at the hearing evidence she herself chose not to present.

Moreover, the vocational expert deemed the record sufficiently developed for her to render an opinion regarding the extent that plaintiff's past relevant work required overhead reaching. She found expressly that the occupations of file clerk and mail clerk do not require overhead reaching. Tr. 51.

As part of her argument that the ALJ did not adequately develop the record on the demands of her past relevant work, plaintiff contends that he relied solely on the opinion of the vocational expert in determining the demands of the past relevant work. As discussed, of course, the ALJ considered other evidence—plaintiff's work history report and hearing testimony. In the cases plaintiff cites in support of her argument (*see* Pl.'s Mem. 7-8), the court found that the ALJ's reliance was solely on the vocational expert's opinion. *See, e.g., Parker*, 664 F. Supp. 2d at 556; *Prim v. Astrue*, Civ. Act. No. 7:07cv213, 2008 WL 444537, at *6-8 (W.D. Va. 13 Feb. 2008) (collecting cases)). Furthermore, these cases were decided before the amendment to 20 C.F.R. § 404.1560 adding subsection (b)(2) providing expressly for reliance on vocational expert opinions. The court, the District of South Carolina, which issued one of the decisions plaintiff cites, *Parker*, has upheld since the amendment an ALJ's reliance on the opinion of a vocational expert, *Lybrand*.

In any event, plaintiff has made no showing that any failure by the ALJ to question her regarding overhead reaching harmed her. She has adduced no evidence that her past relevant work involved more than occasional overhead reaching. Nor has she demonstrated that such evidence would justify her past relevant work being classified other than as the vocational expert did. For this and the other reasons discussed, the court rejects plaintiff's challenge to the ALJ's development of the record regarding the demands of her past relevant work.

### B. ALJ's Alleged Failure to Resolve the Purported Conflict between the Vocational Expert's Testimony and the DOT and SOC

Social Security Ruling 00-4p requires that

> [w]hen there is an apparent unresolved conflict between V[ocational] E[xpert] or V[ocational] S[pecialist] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the

adjudicator will inquire, on the record, as to whether or not there is such consistency.

Soc. Sec. Ruling 00-4p, 2000 WL 1898704, at *2 (2000). Plaintiff argues that the vocational expert's testimony that plaintiff can perform her past relevant work conflicts with the DOT and SOC because under them the occupations of file clerk and mail clerk require frequent reaching and the RFC determination by the ALJ limited plaintiff to only occasional overhead reaching. Plaintiff therefore contends that the ALJ erred in not asking the vocational expert regarding this conflict.

The court disagrees. As noted, the job descriptions do not specify that overhead reaching in particular is required. Rather, the SOC defines "reaching" as "[e]xtending hand(s) and arm(s) in *any* direction." SOC, app. C § 8 (emphasis added). Thus, no conflict exists between the VE testimony, and the DOT and SOC. *See, e.g., Byrd v. Apfel*, No. 98-1781, 1998 WL 911718, at *6 (4th Cir. 31 Dec. 1998); *Harris v. Astrue*, No. 2:12-CV-45, 2013 WL 1187151, at *5 (N.D.W. Va. 21 Mar. 2013); *Gatling v. Astrue*, No. 2:11-CV-21-FL, 2012 WL 4357013, at *9 (E.D.N.C. 21 Sept. 2012); *Cooper v. Astrue*, No. 11-761, 2012 WL 2393771, at *4 (D. Or. 25 June 2012). Even if the ALJ were deemed to have been required to inquire about a conflict with the DOT and SOC, the error was harmless because no conflict existed. *See Amick v. Colvin*, No. 5:12-0922, 2013 WL 4046349, at *6 (S.D.W. Va. 8 Aug. 2013). The court accordingly rejects this challenge by plaintiff to the ALJ's decision.

## IV. CONCLUSION

After careful consideration of the ALJ's decision and the record in this case, the court concludes that the decision is supported by substantial evidence of record and based on proper legal standards. IT IS THEREFORE RECOMMENDED that the Commissioner's motion (D.E.

20) for judgment on the pleadings be ALLOWED, plaintiff's motion (D.E. 18) for judgment on the pleadings be DENIED, and the final decision of the Commissioner be AFFIRMED.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the respective parties or, if represented, their counsel. Each party shall have until 8 July 2015 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins,* 766 F.2d 841, 846-47 (4th Cir. 1985).**

Any response to objections shall be filed within 14 days after service of the objections on the responding party.

This 24th day of June 2015.

                                                                      _____
                                                                      James E. Gates
                                                                      United States Magistrate Judge